**Motion Granted; Abatement Order filed November 12, 2013**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-13-00707-CV
_____

### DON E. KILPATRICK, Appellant

### V.

### ADRIANA POTOCZNIAK, Appellee

---

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Cause No. 1033021**

---

## ABATEMENT ORDER

Appellant has notified this court that portions of the reporter's record may be missing or inaccurate. Rule 34.6(f) of the Texas Rules of Appellate Procedure provides that an appellant is entitled to a new trial when the reporter's record or exhibits are lost, under the following circumstances:

(1) if the appellant timely requested a reporters record;

(2) if, without the appellants fault, a significant exhibit or a significant portion of the court reporters notes and records has been lost or destroyed . . . ;

(3) if the lost, destroyed, or inaudible portion of the reporters record, or the lost or destroyed exhibit, is necessary to the appeals resolution; and

(4) if the lost, destroyed or inaudible portion of the reporters record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replace either by agreement or the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

Tex. R. App. P. 34.6(f).

Accordingly, the trial court is directed to conduct a hearing to determine the following: (1) whether appellant timely requested a reporter's record; (2) whether without the appellant's fault, significant portions of the record have been lost or destroyed; (3) whether the missing portions of the record are necessary to appellant's appeal; and (4) whether the parties can agree on replacement of the missing exhibits with copies, or (5) if the trial court can determine that the missing portions of the reporter's record can be replaced by agreement. The court is directed to reduce its findings to writing and to have a supplemental clerk's record containing those findings filed with the clerk of this court, together with a reporter's record from the hearing, on or before **December 10, 2013.**

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's findings and recommendations are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to

schedule a hearing in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.


PER CURIAM

Panel consists of Justices Christopher, Donovan, and Brown. (Justice Christopher would deny the motion).